

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James C. Gilliland
County Attorney
Deaf Smith County
Hereford, Texas

Dear Sir:

Opinion No. 0-2979
Re: Does the two-year statute
of limitation bar an ac-
tion to recover penalty
and interest on delinquent
state, county, school dis-
trict and city taxes?

You have requested an opinion of this department
in answer to three questions concerning the two-year stat-
ute of limitation. Your first question is as follows:

"(1) Does the two year Statute of Limitation
bar an action by an Independent School District
to recover penalty and interest on delinquent
taxes, as distinguished from the tax itself?"

Article 7326 of the Revised Civil Statutes provides
in part as follows:

"Whenever any taxes on real estate have become
delinquent it shall be the duty of the county attorn-
ey upon the expiration of the thirty days notice pro-
vided for in the two preceding articles or as soon
thereafter as practicable, to file suit in the name
of the State of Texas in the district court of the
county where such real estate is situated, for the
total amount of taxes, interest, penalty and costs
that have remained unpaid for all years since the
thirty-first day of December, 1906, with interest
computed thereon to the time fixed for the trial
thereof at the rate of six per cent per annum, and
shall pray for judgment for the payment of the sev-
eral amounts so specified therein and shown to be
due and unpaid by the delinquent tax records of said
county; and also that such land be sold to satisfy
said judgment for all taxes, interest, penalty and
costs, and for such other relief as the State may
be entitled to under the law and facts."

It may be seen that the above quoted article provides for the bringing of suit for the collection of not only the tax, but the interest and penalty owing thereon as well.

Senate Bill 206, Acts of the 46th Legislature, being Article 7328-1, Vernon's Annotated Revised Civil Statutes, reads in part as follows:

"Section 1. Hereafter in suits brought to collect delinquent taxes on real property, the petition shall contain substantially the following allegations:

"'(a) The State of Texas, hereinafter called plaintiff brings this suit in behalf of itself, _____ County, and for the use and benefit of all political subdivisions whose taxes are collected by the Assessor and Collector of Taxes for said county.

"'(b) The defendants are _____, _____ and _____, who reside in _____ County, _____, and who own or claim some interest in the hereinafter described real property, which is situated in said _____ County.

"'(c) That as to each tract separately assessed: That there are delinquent taxes justly due, owing and unpaid against the property described as follows, to-wit:

| YEARS DELINQUENT | TO WHOM ASSESSED (IF UNKNOWN SO STATE) | AMOUNTS |
|---|---|---|

together with penalties, interest and costs provided by law or legally accruing thereon in the total amount of $_____.'"

There can be no question then but that a tax suit brought under the authority of Chapter 10 of Title 122 of the Revised Civil Statutes of Texas properly includes suit not only for the tax but also suit for the collection of the interests and penalties thereon.

Article 7329 of the Revised Civil Statutes of Texas provides as follows:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid

Honorable James C. Gilliland, page 3

or

"3. That the taxes sued for are in excess of
the limit allowed by law, but this defense shall
apply only to such excess. Acts 2nd C. S. 1923,
p. 36."

It is apparent, therefore, that Article 7329 disallows the defense of limitation to any part of a tax suit to
which said article applies including the interest and penalty.

Article 7343 of the Revised Civil Statutes provides
in part as follows:

"All laws of this State for the purpose of
collecting delinquent State and county taxes are
by this law made available for, and when invoked
shall be applied to, the collection of delinquent
taxes of cities and towns and independent school
districts in so far as such laws are applicable.
Id.; Acts 3rd C. S. 1920, p. 48; Acts 2nd C. S.
1923, p. 39."

This direct question was passed on by the Commission
of Appeals in the Case of Hereford Independent School District
vs. Jones, 23 S. W. (2d), 690. In that case the Independent
School District sued the defendant to recover delinquent taxes
together with interest, penalty and costs. The defendant plead
the two year statute of limitations. The court construed the
article which is now Article 7329 of the Revised Civil Statutes
and concluded that the same was applicable to Independent
School Districts and that such statute prevented the defense
of limitation being used. The court stated as follows:

"We conclude, however, that subsequent leg-
islation, effective before the taxes for the year
1924 became barred, prevents the plea of limitation
from being used as a defense against the recovery
of such taxes.

"Our conclusion is based upon the provisions
of the Acts of 1923 (Second Called Session,

Honorable James C. Gilliland, page 4

e. 13, p. 36) now article 7329, R. S. 1925, and
articles 7337 and 7343, R. S. 1925. The first
named statute provides:

"'There shall be no defense to a suit for
collection of delinquent taxes, as provided for
in this chapter except:

"'1.  That the defendant was not the owner
of the land at the time the suit was filed.

"'2.  That the taxes sued for have been
paid, or

"'3.  That the taxes sued for are in excess
of the limit allowed by law, but this defense shall
apply only to such excess.'

"Article 7343 contains the following provision:
'All laws of this State for the purpose of
collecting delinquent State and county taxes
are by this law made available for, and when
invoked shall be applied to, the collection of
delinquent taxes of cities and towns and independ-
ent school districts in so far as such laws are
applicable.'

"Article 7337, R. S. 1925, reads as follows:
'Any incorporated city or town or school dis-
trict shall have the right to enforce the col-
lection of delinquent taxes due it under the
provisions of this chapter.'

"We think the adoption of the above articles
as a part of the Revised Statutes of 1925 man-
ifested an intention on the part of the Legis-
lature to adopt by reference the provisions of
article 7329 so as to make the terms thereof
applicable to suits by districts to enforce the
collection of school taxes. American Indem-
nity Co. v. City of Austin, 112 Tex. 239, 246
S. W. 1019. Under this statute appellees are
denied the right to interpose the plea of limi-
tation against appellant's suit to collect taxes
due it for the year 1926."

Honorable James C. Gilliland, page 5


The same rule of law was announced by the Commission of Appeals in the case of Richardson vs. Liberty Independent School District, 39 S. W. (2d) 823. The court announced the law as follows:

"* * * As to all the taxes sued for, which had become delinquent two years or more prior to September 1, 1925, the time the Revised Civil Statutes of 1925 became effective, the defense of limitation was available to Richardson; for until the 1925 revision of the statutes became effective, the two years' statute of limitation ran against delinquent taxes due an independent school district. Hereford Ind. School Dist. v. Jones (Tex. Civ. App.) 23 S. W. (2d) 690. As regards the taxes sued for, which thus had already become barred, the right to the defense of limitation had become vested in Richardson, and this right could not be taken away by the Legislature. Mellinger v. City of Houston, 68 Tex. 37, 3. 3. W. 249. But it is also settled by the decision in the Hereford Independent School District Case cited above, that by adopting certain statutory provisions there pointed out, as part of the Revised Statutes of 1925, the Legislature stopped the further running of limitation against school district taxes. The effect of this action of the Legislature was to render unavailable to Richardson the defense of two years' limitation as regards all such taxes as were not already barred when the Revised Statutes of 1925 became effective."


In answer to your first question, therefore, it is the opinion of this Department that as to taxes, interest and penalty assessed by an independent school district which had not become delinquent two years or more prior to September 1, 1925, the same are not barred by the two year statute of limitation under the holding of the above quoted authorities. You are advised that this is true as to the interest and penalty sued for by a school district as well as for the tax itself.

Honorable James C. Gilliland, page 6

"(2) Does the two year Statute of Limitation bar an action by a municipal corporation to recover penalty and interest on delinquent taxes, as distinguished from the tax itself?"

Article 7343, supra, under the authority of the above quoted cases, makes Article 7329, supra, apply to independent school districts. Article 7343 is applicable to cities and towns as well as independent school districts and it therefore follows that the rule previously announced as to suits brought by indpendent school districts would apply to suits brought by cities and towns. There would be an exception, however, in a case where the charter of a city or town contains provisions specifically relating to limitations barring delinquent taxes.

"(3) Does the two year Statute of Limitation bar an action by the County to recover penalty and interest on delinquent taxes, as distinguished from the tax itself, on the various portion of the tax; that is:

"a. that portion of the penalty and interest on the delinquent tax levied by the County for the benefit of a common school district?

"b. that portion of the penalty and interest on the delinquent tax levied by the county for the road and bridge fund;

"c. that portion of the penalty and interest on delinquent taxes levied by the county for the benefit of the county itself;

"d. that portion of the penalty and interest on delinquent taxes levied by the county for the benefit of the State of Texas?"

Article 2795 of the Revised Civil Statutes provides in part as follows:

"The commissioners court, at the time of levying taxes for county purposes, shall also levy upon all taxable property within any common school district the rate of tax so voted if a specific rate

has been voted; otherwise said court shall levy such a rate within the limit so voted as has been determined by the board of trustees of said district and the county superintendent and certified to said court by the county superintendent. If such tax has been voted after the levy of county taxes, it shall be levied at any meeting of said court prior to the delivery of the assessment rolls by the assessor. The tax assessor shall assess said tax as other taxes are assessed and make an abstract showing the amount of special taxes assessed against each school district in his county and furnish the same to the county superintendent on or before the first day of September of the year for which such taxes are assessed. The taxes levied upon the real property in said districts shall be a lien thereon and the same shall be sold for unpaid taxes in the manner and at the time of sales for State and county taxes. The tax collector shall collect said taxes as other taxes are collected."

Therefore the same rules would apply as to the bringing and as to applicable defenses to the portion of a tax suit concerning the delinquent tax, interest and penalty of a common school district as would apply to the portion of the suit concerning the delinquent tax, interest and penalty on State and county taxes. From what has been previously said, we have concluded that limitation may not be urged to bar the collection of the delinquent interest and penalty on State and county taxes because of Article 7329, supra, applying to such tax suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BJ:js

APPROVED FEB 7, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE